IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

VORRIS WILLIAMS, et al.                                                                    PLAINTIFFS

V.                                                         CIVIL ACTION NO. 2:04CV151-B-A

BENEFICIAL MISSISSIPPI, INC., et al.                                              DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the court upon the plaintiffs' motion to remand. Upon due consideration, the court finds that the motion is well-taken and shall be granted.

Factual and Procedural Background

The plaintiffs filed this action in the Circuit Court of Bolivar County, Mississippi, on February 20, 2002, asserting that the defendants engaged in illegal "predatory lending" practices. The defendants subsequently removed the case to this court on the basis of diversity jurisdiction. The defendants alleged that the defendant Beneficial Mississippi, Inc., is not a Mississippi corporation but rather a Delaware corporation with its principal place of business in Illinois. The defendants also asserted that two of the individual defendants were improperly joined in order to defeat diversity. The court found that Beneficial's principle place of business was Mississippi rather than Illinois and that the individual defendants had not been improperly joined. The court remanded the case to state court. The defendants have removed the case a second time, now asserting that the court should exercise jurisdiction because the case is "related to" certain bankruptcy proceedings within the meaning of 28 U.S.C. § 1334(b). The plaintiffs have once again moved to remand.

Analysis

The plaintiffs argue that the defendants have failed to submit any admissible evidence substantiating their claim of bankruptcy jurisdiction and, further, that the three individuals who are alleged to give the court bankruptcy jurisdiction have been compelled to arbitration and cannot support jurisdiction in this matter. The defendants have failed to respond to the plaintiffs' motion to remand. The court thus presumes that the defendants have abandoned their arguments for removal and that they have acquiesced to the plaintiffs' allegations. The court will nevertheless examine the merits of the removal and motion.

As no evidence of the bankruptcies or the arbitrations are before the court in the case sub judice, the court will assume, arguendo, that the individuals alleged to create bankruptcy jurisdiction did indeed file for bankruptcy and remain proper plaintiffs in this cause. The court will examine the traditional "related to" analysis to determine the existence of bankruptcy jurisdiction.

A proceeding is related to a bankruptcy if the outcome of that proceeding could conceivably affect the estate being administered in bankruptcy. *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987). More specifically, if the proceeding's outcome could alter the debtor's rights, liabilities, options, or freedom of action and in any way impact the handling and administration of the bankruptcy estate, the proceeding is deemed to be related to a bankruptcy. *In re Walker*, 51 F.3d 562, 569 (5th Cir. 1995). Even when "related to" jurisdiction exists, the court must determine whether mandatory or discretionary abstention is in order. *Walton v. Tower Loan of Mississippi*, No. 2:04CV45, 2005 WL 1367402, at *1 (N.D. Miss. Jun. 8, 2005). The court must abstain in cases where: 1) A motion has been timely filed requesting abstention; 2) the cause of

action is essentially one that is premised on state law; 3) the proceeding is non-core or related to the bankruptcy case; 4) the proceeding could not otherwise have been commenced in federal court absent the existence of the bankruptcy case; and 5) the proceeding has already been commenced and can be timely adjudicated in a state court forum. *Blakely v. United Cable Sys.*, 105 F. Supp. 2d 574, 583 n.9 (S.D. Miss. 2001) (citing 28 U.S.C. § 1334(c)(2)).

The present case meets the requisites for mandatory abstention. A timely motion for remand/abstention was filed; the plaintiffs' claims are premised on state law; the proceeding is non-core; the proceeding could not have been commenced in federal court absent the existence of the bankruptcy cases; and there is no indication that the claims cannot be timely litigated in state court.

Even if the court were not required to abstain, discretionary abstention and/or equitable remand would be appropriate. In determining whether to employ either of these doctrines (which are quite similar), the court should consider a number of factors. These factors include: 1) the effect or lack thereof on the efficient administration of the estate if the court recommends abstention or remand; 2) the extent to which state law issues predominate over the bankruptcy issues; 3) the unsettled or difficult nature of law applicable to the case; 4) the presence of related proceedings commenced in state court or other non-bankruptcy proceedings; 5) jurisdictional basis, if any, other than § 1334(c); 6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; 7) the substance rather than the form of an asserted core proceeding; 8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; 9) the burden of the court's docket; 10) the likelihood that the commencement of the proceeding in the district court

involves forum shopping by one of the parties; 11) the existence of a right to a jury trial; 12) the presence in the proceeding of non-debtor parties; 13) comity; and 14) the possibility of prejudice to other parties in the action. *See* 28 U.S.C. §§ 1334(c)(1), 1452(b); *Davis v. Life Investors Ins. Co. of America*, 282 B.R. 186, 194 (S.D. Miss. 2002). Many of these factors, when applied to the present case, militate heavily in favor of remand. Among these are the issue of comity as well as the fact that state law issues predominate over bankruptcy issues, that no jurisdictional basis has been alleged other than § 1334(c), and that there are a number of non-debtor parties involved in the proceeding.

## Conclusion

For the foregoing reasons, the court finds that the plaintiffs' motion to remand is well-taken, and this case shall be remanded to the court whence it came. A separate order in accord with this opinion shall issue this day.

This, the 16th day of August, 2005.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE**